The People *vs.* Joshua De Graff.

NEW-YORK,
Jan. 1823.

*De Graff was in Prison on a charge of Forgery.*

The People
*vs.*
J. De Graff.

*Price,* and *Griffin* appeared as counsel for the prisoner, and moved to bail him ; and for that purpose they prayed the court would inspect the papers, and if after such inspection they thought him entitled to bail, to bail him.

*Maxwell, District Attorney,* opposed the motion. He contended the depositions in law were considered as in his private possession, to be used or not, as circumstances might dictate, or he might think proper ; they were not considered as part of the record, or on the files of the court, until they were read upon the trial : he was not bound to produce any thing upon a motion to bail, in this late stage of the proceeding, but the indictment, &c.

On a motion to bail on a charge of felony, the court will not be confined to the deposi tions.

*Price,* contended that the case was such a one as entitled the motion to the attention of the court ; that the defendant had been arrested in the interior of this state, and was confined in this city—far from his family and friends : that it was important for him, in order to prepare for his defence : that if entitled to bail, he should be bailed. He contended that the court would look into the papers on a motion to bail ; and cited Judge Spencer's decision in Goodwin's case. Vide. Goodwin's trial reported by Mr. Sompson.

*The Court* intimated that they would be willing to hear an argument, and invited the counsel to proceed. The counsel observed they were not prepared for the argument ; that if the court would indulge them until the first Saturday of the term, they would be then ready to argue it.

On which day Griffin appeared for the prisoner. He contended, 1st. That the court would look into the papers in order to decide whether they would bail or not.

NEW-YORK,
Jan. 1823.

He contended courts had the power, and it was their duty to look into the depositions in order to decide whether the prisoner should be bailed, and what amount of bail; and cited 1 Chit. p. 192. 3 East. 157. 1 Leach, 270.

2d. Not only would the court look into the depositions, but they will confine themselves to them. 1 Chit. p. 106. 2 Str. 1138.

3d. That it made no difference whether the application to bail was before or after indictment; and cited 2 Str. Dalton's case. 1 Salk. p. 130.

And concluded by observing that these authorities went to show that no extrinsic matter would be allowed or received upon the motion. The depositions of third persons would not be received; and if the depositions could not be read, the prisoner would be remediless.

*Maxwell* replied that he thought, from the consequences that might be supposed to result from allowing the depositions to be read, would be sufficient answer to the argument of the counsel for the prisoner; for it might appear by the papers, that the prisoner was not guilty, or if guilty, not in the same degree as charged in the indictment, and yet the proof before the grand jury might have been of the most positive and satisfactory nature: that it would often be impossible to obtain the nature and amount of that testimony by an inspection of the papers.

The court decided against the motion.

See this case, post.